[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a dispute arising out of the sale by the plaintiffs of an insurance business to the defendants. The plaintiffs brought suit for the defendants' failure to pay the last nine payments due under the terms of the sale contract. The defendants have filed special defenses and counterclaims, alleging various breaches of the terms of the contract by the plaintiffs.
 I.
The parties agree that the amortization schedule prepared by the plaintiffs show a balance due on the principle in the amount of $27,451.13 and interest due at the rate of 9% per annum in the amount of $14,823.60 from October 1, 1987 to September 30, 1993. The total claimed due is $42,274.73. The defendants have introduced their cancelled checks for fifty-one payments, conceding that the last nine payments were not made.
The court finds the plaintiffs have established their right to recover these sums and therefore judgment may enter for the plaintiffs on the complaint in the amount of $42,274.73.
 II.
The defendants' counterclaim is in three counts, alleging in the first count breaches of the covenant not to compete which also calls for the buyers to receive counsel fees for any litigation occasioned by this breach.
The second count alleges a breach of the agreement by the plaintiff Walter Fuhr individually to act as a broker for the buyers for a period of five years.
Finally, in the third count the buyers seek damages because of alleged infirmities in the transfer of several accounts, alleging these accounts were not capable of sale and transfer by the CT Page 8517 sellers.
A. The plaintiff Fuhr (defendant in the counterclaim) admits receipt of $1,000.00 in commissions for policies he sold in violation of the sales agreement. He concedes that the defendants (plaintiffs on the counterclaim) are entitled to $1,000.00 on this count. This also renders him liable for counsel fees as stated above. The court finds that the amount requested, $2,500.00, is fair and reasonable under the circumstances, counsel indicating he devoted some 25 hours to this phase of the case. He asks for no allocation of expenses, also permitted by the contract.
Consequently, judgment may enter for the buyers, plaintiffs on the counterclaim, to recover of the sellers $3,500.00 on the first count.
B. As to the second count, the buyers have proven no damages to them resulting from the departure of Mr. Fuhr prior to the five years contemplated by the parties. On this count, judgment may enter for the sellers.
C. The third count is based on the circumstances which arose after the sale, when several accounts were lost to the buyers because, they allege, the sellers had engaged in a co-broker arrangement or had permitted a third party to so control the accounts that they were removed to another agent. The buyers thereby lost the commissions generated by these accounts.
Though the sellers dispute these losses, the court agrees with the buyers and finds that the circumstances giving rise to the transfer and/or cancellation of the policies listed on the third page of Exhibit F were the result of the co-broker arrangement and the role of the third party. When the buyers first encountered these problems and called the seller Fuhr, he apparently did nothing to intercede or to correct the situation.
The court has examined the credits claimed by the buyers and has made adjustments, disallowing that portion of a claim represented by a policy which had run its course prior to cancellation or transfer.
On the third count, the court finds for the buyers, plaintiffs on the counterclaim, and awards damages in the amount of $9,888.54 in accordance with the attached Appendix A. CT Page 8518
D. Judgment may enter for the buyers, plaintiffs on the counterclaim, in the total amount of $13,388.54.
Anthony V. DeMayo, Judge
APPENDIX A
Instant Whip — Bridgeport *$475.32 X 2-1/2 = $1188.28 Instant Whip — Bridgeport *$192.61 X 2-1/2 = $ 481.53 J L Tool — Bus. Auto $ 405.75 J L Tool — Workers Comp. $ 855.00 J L Tool — SMP *reduced by 2/3 $ 544.00 ------ $3,474.56
"Personal Accts. of Piscatelli" $ 218.12 288.37 207.00 103.50 $ 816.99
Mayfair Accts. $5,596.99 -------- TOTAL $9,888.54
This Appendix A is derived from the third page of Exhibit F.